657 P.2d 488

**Gilbert FLORES, Petitioner-Appellant,**

v.

**STATE of Idaho, Defendant-Respondent.**

**No. 13944.**

Court of Appeals of Idaho.

Jan. 18, 1983.

William R. Dalling and J. William Hart, Jerome, for petitioner-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for defendant-respondent.

SWANSTROM, Judge.

Gilbert Flores was convicted in 1977 of voluntary manslaughter. No appeal was taken. He later filed a petition for post-conviction relief challenging that conviction by alleging he had been denied effective assistance of counsel. Flores' petition was summarily dismissed by the district court without an evidentiary hearing and he has appealed from that order. We affirm in part and reverse in part.

Flores contends that he was denied effective assistance of counsel at trial because his attorney failed to investigate the criminal record of the victim, Manuel Solis, or to present evidence of Solis' violent propensities. In addition, he argues that his attorney did not question a witness, Rocky Vitale, sufficiently to elicit facts relevant to his claim of self-defense. Flores also as-

serts that his attorney did not see him or interview him at any time prior to the trial. Finally, Flores contends that he was denied effective assistance of counsel following the trial, because his attorney failed to file an appeal after repeatedly being asked to do so.

In 1976, Flores was arrested and charged with second degree murder and assault with intent to commit murder. The charges stemmed from a shooting incident which occurred in a tavern in Jerome, Idaho. Soon after entering the bar, Flores became involved in an argument with the victim, Manuel Solis, and the victim's girl friend, Mary Kreft. After Kreft struck Flores in the cheek with a beer glass, inflicting a serious wound, Flores momentarily retreated. He then pulled a .38 caliber pistol from his boot and fatally shot Solis and wounded a bystander. At trial there was no dispute that Flores killed Solis. In Flores' defense, his attorney attempted to present the circumstances of the killing in their most mitigating light. This strategy was partially successful, for the jury convicted Flores only of voluntary manslaughter, and it acquitted him of the assault charge. The court imposed an indeterminate sentence of ten years imprisonment. Flores did not appeal his conviction or sentence.

Flores filed a petition for post-conviction relief in February of 1979. In March, 1980, the state filed its motion to dismiss Flores' petition, supporting it with the affidavit of Flores' trial counsel. Flores responded by filing his own affidavit, enumerating the grounds upon which he sought relief. The court appointed counsel to represent Flores. After hearing argument on the state's motion, the court, pursuant to I.C. § 19–4906(c), granted summary dismissal, concluding that there were no issues of material fact to warrant an evidentiary hearing and that the state was entitled to judgment as a matter of law. This appeal followed.

## I

■ We turn first to Flores' contention that he was denied effective assistance of counsel at trial. Both the Sixth Amend-

ment to the United States Constitution and Article I, Section 13 of the Idaho Constitution guarantee an accused the right to counsel in criminal actions. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). The right to counsel includes the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *State v. Tucker, supra.*

■ Flores alleged in the district court that his trial attorney had been ineffective because he failed to investigate the criminal record of Manuel Solis. Bare allegations, not controverted by the state, must be accepted as true. *Tramel v. State,* 92 Idaho 643, 448 P.2d 649 (1968). Here, however, Flores' allegation is contradicted by the trial record itself. It shows that Flores' trial attorney obtained a copy of Solis' record indicating that Solis had pled guilty in 1972 to carrying and concealing a dangerous weapon. Moreover, even assuming for the sake of argument that Flores' allegations were true, he would not be entitled to relief on the ground of inadequate assistance of counsel unless he also showed prejudice resulting from the activity, or inactivity, of counsel. *Kraft v. State,* 100 Idaho 671, 603 P.2d 1005 (1979); *Drapeau v. State,* 103 Idaho 612, 651 P.2d 546 (Ct.App.1982). Flores has not shown that he was prejudiced by counsel's allegedly deficient pretrial discovery.

■ Flores next argues that he is entitled to relief because his attorney never consulted with him prior to trial. Flores' attorney denies this, stating in his affidavit that he and his associates met with Flores a number of times before trial. In *Drapeau, supra,* the petitioner made a similar allegation, charging that his attorney conferred with him only infrequently before trial. We see no reason to depart from our holding in *Drapeau* that, absent a showing of prejudice, such an assertion, even if true, is not a ground for relief. Flores has made no specific showing that his defense was preju-

diced by this alleged lack of consultation. We conclude that no *material* issue of fact exists on this question which would warrant an evidentiary hearing.

■ Next we address Flores' contention that he was denied effective assistance of counsel because his attorney failed adequately to establish Solis' violent character by use of Solis' prior conviction and by questioning the witness Vitale more thoroughly concerning a hunting knife allegedly possessed by Kreft and Solis. Again the record does not support Flores' allegations. The record shows that Flores' counsel addressed the court at length concerning the admissibility of evidence of Solis' character. The court ruled that evidence of Solis' propensity for violence would be admitted if a proper foundation—Flores' knowledge of Solis' reputation—could be established. The evidence at trial ultimately disclosed, however, that Flores did not know Solis and had met him only once prior to the shooting. Regarding the hunting knife, trial counsel, in cross-examining Kreft, obtained her admission that at the time of the shooting she had a hunting knife in her purse. Counsel also elicited testimony from Vitale that just before the shooting, Kreft had been rummaging through her purse. In addition, Vitale stated that Solis had been known to carry a gun.

Upon the trial record, it appears that Flores' trial counsel did not neglect the question of Solis' character. That question was pursued within the limits of the trial judge's ruling, which is not at issue in this appeal. Whether the question might have been belabored further at trial raises an issue of counsel's strategy. In *State v. Tucker,* 97 Idaho at 8, 539 P.2d at 560 (1975), our Supreme Court stated that, in evaluating the performance of trial counsel, it would not "attempt to second guess [counsel's] strategic or tactical choices." *See also State v. Larkin,* 102 Idaho 231, 233–34, 628 P.2d 1065, 1067–68 (1981). In *Drapeau, supra,* this Court stated that where the strategy and tactics of trial counsel are brought into question we will not second guess counsel's choices "without evi-

dence of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation." 103 Idaho at 616, 651 P.2d at 550. In this case there has been no allegation that Flores' counsel was ill-prepared or ill-versed in the applicable law. To the contrary, the record appears to show that counsel was well acquainted with both the relevant law and the facts of the case. Thus, there are no issues of material fact warranting an evidentiary hearing regarding counsel's decision not to introduce evidence of Solis' character or counsel's alleged failure to question Vitale in greater detail.

II

Finally, we address Flores' argument that he was denied effective assistance of counsel because his attorney failed to file an appeal. In his affidavit Flores alleges that he repeatedly asked his attorney to perfect an appeal. He also states that his attorney agreed to come to the penitentiary to talk to him concerning an appeal, but failed to do so. Those allegations were not denied by Flores' trial attorney. Rather, his affidavit states that immediately following the trial he conferred with Flores and several members of Flores' family to discuss the advisability of an appeal. The attorney states that he pointed out to Flores and his family that the results of the trial had been beneficial and that an appeal, if successful, would expose Flores to the possibility of a conviction of second degree murder and hence a greater penalty. He states that he recommended that no appeal be taken and that both Flores and his family agreed with this advice.

■ A defendant's right to representation by counsel extends to all critical stages of his trial, including appeal. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). It has been held that where a criminal defendant advises his attorney of his desire to appeal, and the attorney fails to take the necessary steps to file an appeal, such a defendant has been denied his constitutional right to the effective assistance of counsel at a critical stage in

the proceedings. *Blanchard v. Brewer,* 429 F.2d 89, 90–91 (8th Cir.1970); *Williams v. United States,* 402 F.2d 548, 552 (8th Cir. 1968); *Samuels v. United States,* 435 A.2d 392, 395 (D.C.App.1981); *Hargett v. United States,* 380 A.2d 1005, 1007 (D.C.App.1977); *Hines v. United States,* 237 A.2d 827, 829 (D.C.App.1968); *Shipman v. Gladden,* 253 Or. 192, 453 P.2d 921 (1969).

In this case Flores claims that he requested his attorney to file an appeal and that his attorney ignored his request. If Flores' allegations were true and if the attorney's inaction caused Flores not to appeal, he would be entitled to relief. We therefore conclude that a material issue of fact exists regarding whether Flores ever asked his attorney to appeal and whether the attorney disregarded that request in derogation of Flores' rights. Idaho Code § 19–4906(c) permits summary dismissal of a petition for post-conviction relief only where the pleadings and affidavits and other evidence reveal no issue of material fact. We hold that the court erred in dismissing Flores' petition insofar as it relates to the claim that his attorney failed to file an appeal. The case must be remanded so that an evidentiary hearing can be held on this issue.

We note that the court in *Samuels v. United States, supra,* reached the same conclusion in a similar case. There Samuels claimed that following sentencing he had asked his counsel to file an appeal and that counsel had agreed to do so. However, no appeal was filed, so Samuels forfeited his right to appeal. The court held that if the allegations in Samuels' petition for post-conviction relief were true, he would be entitled to relief, because the failure of counsel to file a timely appeal when his client so instructs him amounts to ineffective assistance of counsel. 435 A.2d at 395. The court concluded that the lower court erred in dismissing Samuels' petition and that an evidentiary hearing should have been held.

The district court's order dismissing Flores' petition is therefore affirmed insofar as it relates to his claim that he was denied effective assistance of counsel at trial. The court's order is vacated insofar as it relates to Flores' claim that he was denied effective assistance of counsel on appeal. The case is remanded so that an evidentiary hearing can be held on that question only. Should the court determine that Flores' counsel failed to file an appeal, after Flores instructed him to do so, and such failure deprived Flores of his opportunity to appeal, then the proper remedy is for the court, by order, to vacate and re-enter the judgment of conviction so that Flores might perfect a timely appeal. *Id.; Hines v. United States,* 237 A.2d at 829. *See also* I.C. § 19–4907.

Affirmed in part, vacated in part, and remanded.

WALTERS, C.J., and BURNETT, J., concur.