865 P.2d 985

**Louis R. RICCA, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 19817.

Court of Appeals of Idaho.

Dec. 16, 1993.

Daniel M. Dolan, Ketchum; for petitioner-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for respondent. Thomas P. Watkins, argued.

PERRY, Judge.

Louis R. Ricca appeals from the order of the district court summarily dismissing his application for post-conviction relief and denying him an evidentiary hearing on his claims of ineffective assistance of counsel and involuntariness of his guilty plea. Because we conclude that an evidentiary hearing is required on the ineffective assistance claim, we affirm in part, vacate in part and remand to the district court.

## PROCEDURAL HISTORY

At arraignment on April 18, 1988, Ricca pled not guilty to the charge of delivery of cocaine. On June 20, 1988, Ricca entered a plea of guilty to the charge before the district court, which accepted his change of plea. Upon entry of the judgment of conviction, the district court sentenced Ricca to a unified term of fifteen years, with a five-year minimum period of confinement and imposed a $25,000 fine. The sentence was to be served concurrently with the sentence imposed on an unrelated probation violation for which Ricca had received a unified sentence of three years, with a one-year minimum period of confinement and was fined $5,000.

Ricca filed an untimely motion to reduce his sentence under I.C.R. 35. The district court considered the motion on its merits, but denied the motion. Because the motion was filed more than 14 days after the date of entry of the judgment of conviction and sentence, it did not extend the time for filing a direct appeal. Ricca did not appeal from the judgment of conviction and sentence or from the denial of the Rule 35 motion.

On January 18, 1989, Ricca filed an application for post-conviction relief seeking to withdraw his guilty plea to the delivery of cocaine charge and claiming ineffective assistance of counsel. He asserted that his guilty plea was involuntary because he was under the influence of medication at the time he entered his plea. In addition, Ricca contended that his plea was coerced because necessary medical treatment was withheld from him until after he had consented to enter his plea. Ricca also claimed that he was denied the effective assistance of counsel when, in

spite of his request that a direct appeal be filed from the judgment of conviction, counsel neglected or refused to file an appeal.

The state moved for summary judgment under I.C. § 19–4906(b), arguing that Ricca had failed to state a claim upon which post-conviction relief could be granted. Following a hearing on the summary judgment motion, the district court granted summary judgment, denying Ricca any relief or an evidentiary hearing.

In dismissing the application, the district court initially determined that post-conviction relief was not available to Ricca because he had not previously filed a motion to withdraw his guilty plea. Nevertheless, the district court considered the merits of Ricca's claims alleging that his guilty plea was involuntary and concluded that Ricca had failed to present a genuine issue of material fact that would entitle him to relief. The district court further held that Ricca had not established a legitimate claim of ineffective assistance of counsel. Ricca appeals from the summary judgment dismissing his post-conviction application.

## STANDARD OF REVIEW

■ Idaho Code § 19–4906(b) provides that the district court may dismiss an application for post-conviction relief unless the application contains allegations which, if proved, would entitle the defendant to the remedy sought. *Griffith v. State*, 121 Idaho 371, 825 P.2d 94 (Ct.App.1992). Allegations in an application for post-conviction relief must be deemed to be true until those allegations are controverted by the state. *King v. State*, 114 Idaho 442, 757 P.2d 705 (Ct.App. 1988). On review of a dismissal of the post-conviction application, without an evidentiary hearing, we will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions on file, together with any affidavits on file; moreover, the court will liberally construe the facts in favor of the party opposing the motion, together with all reasonable inferences to be drawn from the evidence in favor of the non-moving party. *Bonz v. Sudweeks*, 119 Idaho 539, 808 P.2d 876 (1991); *Loomis v. City of Hailey*, 119 Idaho 434, 807 P.2d 1272 (1991);

*Mitchell v. Siqueiros*, 99 Idaho 396, 398, 582 P.2d 1074, 1076 (1978).

## SCOPE OF POST–CONVICTION PROCEEDINGS

■ Preliminarily, this Court has recognized that the Uniform Post–Conviction Procedure Act, I.C. §§ 19–4901–19–4911, provides an appropriate mechanism for considering claims of ineffective assistance of counsel and claims that a plea of guilty was accepted in violation of the requirements set forth in I.C.R. 11. *Nellsch v. State*, 122 Idaho 426, 835 P.2d 661 (Ct.App.1992). *See also Gomez v. State*, 120 Idaho 632, 818 P.2d 336 (Ct.App. 1991) ("motion for change of plea" filed after judgment of conviction and sentence, challenging validity of plea on grounds that it was not knowingly and intelligently entered and that defendant was inadequately represented by counsel, held to be properly a subject for inquiry under an application for post-conviction relief). The Act is available "to cure fundamental errors occurring at the trial which affect either the jurisdiction of the court or the validity of the judgment, even though these errors could have been raised on appeal." *Maxfield v. State*, 108 Idaho 493, 499, 700 P.2d 115, 121 (Ct.App. 1985), *quoting Smith v. State*, 94 Idaho 469, 474–75, 491 P.2d 733, 738–39 (1971). The Act, however, cannot be used as a substitute for an appeal, I.C. § 19–4901(b); and any issue which could have been, but was not, raised on direct appeal is forfeited and cannot be considered in a post-conviction proceeding. *Murray v. State*, 121 Idaho 918, 828 P.2d 1323 (Ct.App.1992).

■ In Ricca's case, his application for post-conviction relief was his first challenge to the validity of his plea of guilty to the charge of delivery of cocaine. The relief requested by Ricca in his application for post-conviction relief was the withdrawal of his plea. Because Ricca had not previously filed a motion for withdrawal of his plea, or a direct appeal which should have encompassed a review of the district court's denial of such a motion, Ricca may seek to withdraw his plea of guilty in his application for post-conviction relief. *See Nellsch v. State*, 122

Idaho at 430, 835 P.2d at 665. We find no authority for the district court's conclusion that post-conviction relief allowing withdrawal of a guilty plea is conditioned upon the defendant having previously filed a motion to withdraw his guilty plea.

### A. Involuntariness of Ricca's plea

■ Ricca alleges in his application for post-conviction relief that his guilty plea was not voluntarily, knowingly or intelligently entered, and, therefore, his conviction and sentence were invalid. Ricca argues that he was under the influence of medication at the entry of his plea and, as a result, did not understand the consequences of his plea. His second challenge to the validity of his plea is that his plea was obtained through coercion, because necessary medical attention was withheld until such time as he signed the consent to plead guilty.

With regard to his claim that his guilty plea was made while he was under the influence of medication, Ricca's affidavit did not specify which drugs he was taking. In response to the state's motion for summary dismissal, Ricca's counsel submitted an affidavit disclosing that Ricca had been receiving a 0.25 mg nightly dose of Halcion as a sleep aid while in jail and that Ricca was on the medication for eighty-six days prior to the entry of his plea. Counsel appended to the affidavit two articles written by novelists, several newspaper reports on the effects of Halcion, and an entry from the 1990 Physician's Desk Reference citing contraindications to the use of Halcion that would affect a person's thought processes.

The state submitted the affidavit of Carl Barbee, M.D., the treating physician who attended Ricca while he was incarcerated in the Blaine County Jail. Doctor Barbee attested to the fact that he had prescribed several medications to Ricca, including .25 mg of Halcion to help Ricca sleep. He denied that the drug as administered would in any way have impaired Ricca's mental condition or his capacity to understand legal proceedings against him.

The transcript of the change of plea hearing indicates Ricca told the district court that he was not under the influence of any drugs "except for medication I take three times a day." Reviewing the transcript and the affidavit before the district court at the post-conviction hearing, we conclude that Ricca failed to allege facts describing the effect of Halcion on him personally, other than to claim that he was under the influence of the drug when he pled guilty. Ricca has provided no competent medical evidence establishing that he is one of the individuals affected by Halcion and in what way he was affected. He failed as well to identify the difficulties that he experienced on the day he entered his plea, which, according to the articles he submitted, were attributable to Halcion.[1]

We conclude that Ricca did not raise a genuine issue of material fact regarding the influence of the drug, Halcion, over him. We affirm the district court's summary judgment order on this issue.

■ In Ricca's second challenge to his plea, he asserts that he was coerced into pleading guilty because his needed medications were withheld from him until he agreed to plead guilty. He did not support this conclusory allegation with affidavits or other evidence stating what type of medical care was withheld, when and why he needed medical care, who told him that care would be denied unless he pled guilty, or any other evidentiary facts to substantiate this claim. In summary judgment proceedings, a party may not rely on conclusory allegations unsupported by specific facts. *Bob Daniels and Sons v. Weaver*, 106 Idaho 535, 541, 681 P.2d 1010, 1016 (Ct.App.1984). Ricca also did not respond to the state's affidavits from Dr. Barbee and Bill Morgan, the Blaine County jail commissioner. Doctor Barbee stated that he had treated Ricca and prescribed medications that were administered on a daily basis. Bill Morgan confirmed

---

1. Under I.R.C.P. 56(e), supporting or opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. We offer no opinion as to the admissibility of the articles on the drug, Halcion, authored by a novelist or those appearing in newspapers, which were attached to the affidavit from Ricca's counsel without authentication.

these facts in his affidavit. The prosecuting attorney also submitted an affidavit indicating that he had not given any instructions to deny Ricca medical attention during his jail time. Finally, the state submitted copies of the consent to plead guilty and the stipulation signed by Ricca affirming that he had not been threatened or coerced in any way into pleading guilty. Ricca's unsupported allegations of coercion do not entitle him to the relief requested in his application. *See Nielsen v. State*, 121 Idaho 779, 828 P.2d 342 (Ct.App.1992). No material issue of fact was presented and the district court properly granted summary judgment to the state on this issue.

### B. *Ineffective Assistance of Counsel*

Ricca next contends that the district court erred in dismissing his application without an evidentiary hearing on the issue of ineffective assistance of counsel. He claims that he was entitled to post-conviction relief on account of his trial counsel's neglect or failure to file an appeal after Ricca had expressly asked him to do so.

■ The district court applied the two-part test[2] for evaluating an ineffective assistance claim and determined that, because Ricca did not specify what issues he would have raised on appeal, no deficient performance was shown. The district court also concluded that no prejudice was shown. The district court mistakenly considered the reasonableness of Ricca's sentence, in the nature of an appellate review of a sentence, to decide whether relief should be granted on Ricca's post-conviction application. Loss of the opportunity to appeal is itself sufficient prejudice to support a claim of ineffective assistance of counsel based on a failure to appeal as requested.

We note that the district court, however, did not have the benefit of our recent opinion in *Mata v. State*, 124 Idaho 588, 861 P.2d 1253 (Ct.App.1993). There, we vacated the dismissal of an identical claim of ineffective

assistance and remanded for an evidentiary hearing.

The decision whether to prosecute an appeal rests with the defendant. *Gardner v. State*, 91 Idaho 909, 912, 435 P.2d 249, 252 (1967). Where a defendant asks his attorney to appeal and the attorney refuses, the defendant is deprived of effective assistance of counsel. *Sanders v. State*, 117 Idaho 939, 940, 792 P.2d 964, 965 (Ct.App. 1990); *State v. Dillard*, 110 Idaho 834, 838, 718 P.2d 1272, 1276 (Ct.App.1986); [*Flores v. State*, 104 Idaho 191, 194–95, 657 P.2d 488, 491–92 (Ct.App.1983) ].

*Id.*

■ Ricca's application raises a genuine issue of material fact as to whether he communicated his intent to appeal to his counsel. If counsel did not pursue an appeal as directed by Ricca, Ricca suffered prejudice in the loss of his opportunity to appeal. Accordingly, we vacate the dismissal by the district court with respect to the claim of ineffective assistance of counsel raised by Ricca's application. We remand the matter for an evidentiary hearing where both Ricca and defense counsel, who represented Ricca in the underlying criminal case, may be called to testify. It will be necessary for the district court to make a finding whether Ricca's desire to appeal was adequately communicated to his attorney and that the attorney's failure to file a direct appeal resulted from deficient performance. *See, e.g., Sanders v. State*, 117 Idaho 939, 792 P.2d 964 (Ct.App.1990). If the district court finds that ineffective assistance of counsel deprived Ricca of his opportunity to appeal, the proper remedy is for the district court to vacate and re-enter the judgment of conviction so that Ricca may perfect a timely appeal. *Mata, supra.*

### CONCLUSION

Having reached the conclusion that Ricca was entitled to an evidentiary hearing on his claim that he was denied effective assistance of counsel, we vacate the district court's or-

2. To show that a defendant has been denied his or her constitutional right to effective assistance of counsel, the defendant must show 1) that his or her counsel's performance was deficient and 2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Parrott v. State*, 117 Idaho 272, 274, 787 P.2d 258, 260 (1990).

der on this issue. The matter is remanded for an evidentiary hearing and further proceedings consistent with this opinion. We affirm the dismissal order by the district court with respect to the issues raised as to the involuntariness of Ricca's guilty plea.

WALTERS, C.J., and LANSING, J., concur.