IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38299

| | | |
|---|---|---|
| VICTOR KLINGONSMITH, | ) | 2012 Unpublished Opinion No. 328 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 20, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Order dismissing application for post-conviction relief, affirmed.

Sara B. Thomas, State Appellate Public Defender; Erik H. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Victor Klingonsmith appeals from the district court's order dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Klingonsmith was charged with three counts of lewd conduct with a minor under sixteen. I.C. § 18-1508. Pursuant to an Idaho Criminal Rule 11 plea agreement, Klingonsmith pled guilty to one count of lewd conduct with a minor under sixteen and the state dismissed the two remaining counts. Klingonsmith also waived any right against self-incrimination and agreed to complete a psychosexual evaluation. After accepting Klingonsmith's guilty plea, the district court ordered a psychosexual evaluation, which Klingonsmith completed. Klingonsmith was sentenced to a unified term of twenty years, with a minimum period of confinement of eight years.

1

Klingonsmith filed a pro se application for post-conviction relief, asserting four instances of ineffective assistance of counsel, a violation of due process, and that his sentence was excessive. The state filed a motion to dismiss Klingonsmith's application, arguing that his allegations were not supported by admissible evidence. Klingonsmith, who had been appointed post-conviction counsel, filed a memorandum objecting to the state's motion. The state filed a reply asking the district court to take judicial notice of the underlying criminal case file, particularly the written plea agreement, and arguing that the plea agreement disproved Klingonsmith's claims. After a hearing, the district court entered an order granting the state's motion to dismiss on the ground that Klingonsmith's application failed to state a claim upon which relief could be granted. Klingonsmith appeals.

## II.

## ANALYSIS

Klingonsmith argues that the district court erred by dismissing his post-conviction application. Specifically, Klingonsmith asserts that three of his ineffective assistance of counsel claims,[1] his claim of a violation of due process, and his claim that his sentence was excessive were improperly dismissed on grounds for which he was given no prior notice. Klingonsmith also alleges that the district court erred by dismissing his claim that his guilty plea was not knowingly, intelligently, and voluntarily entered because his counsel failed to explain that his Fifth Amendment right related to a psychosexual evaluation prior to his entry into a plea agreement whereby he waived such right.

An application for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action.

---

[1] Klingonsmith asserted that his counsel failed to inform the district court that Klingonsmith had memory loss from a stroke and other medical issues, failed to review and/or challenge the psychosexual evaluation, and failed to file a proper appeal and I.C.R. 35 motion as requested.

*Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. A claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Further, where essential elements of a post-conviction claim are conclusively disproven by the record in the criminal proceedings, summary dismissal is appropriate. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Cooper v. State*, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction

3

actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

## A.    Notice of Grounds for Dismissal

Klingonsmith argues that the district court erred by dismissing three of his ineffective assistance of counsel claims, his claim of a violation of due process, and his claim that his sentence was excessive. Specifically, Klingonsmith asserts that, because the state's motion to dismiss his application was based on grounds that his allegations were not supported by admissible evidence and the district court granted the motion on grounds of failure to state a claim upon which relief could be granted, he was not given any notice of the grounds upon which these claims were dismissed in violation of I.C. § 19-4906(b).

An applicant may assert for the first time on appeal that his or her post-conviction claims were dismissed without any notice at all. *See Kelly v. State*, 149 Idaho 517, 522, 236 P.3d 1277, 1282 (2010). Our Supreme Court has held that a district court cannot dismiss a claim on a ground not asserted by the state in its motion to dismiss unless the court gives the twenty-day notice required by I.C. § 19-4906(b). *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. The notice procedure is necessary so that the applicant is afforded an opportunity to respond and to establish a material issue of fact if one exists. *Flores v. State*, 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996). However, the Idaho Supreme Court has affirmed the dismissal of post-conviction claims even though the district court improperly failed to provide notice of the grounds upon which the claims were dismissed. *See Ridgley v. State*, 148 Idaho 671, 676, 227 P.3d 925, 930 (2010). Specifically, while the district court dismissed several of Ridgley's ineffective assistance of counsel claims on the grounds of res judicata, the district court's notice stated its intent to dismiss on the grounds that Ridgley had not presented evidence supporting his claims. *Id.* The Supreme Court stated:

> We are unable to conclude that the district court gave Ridgley appropriate notice of its intention to dismiss the first five claims on the basis of res judicata.
>     This conclusion does not automatically require reversal, however. Where the lower court reaches the correct result, albeit by reliance on an erroneous theory, this Court will affirm the order on the correct theory. *Boise Tower Assocs., LLC v. Hogland*, 147 Idaho 774, 782, 215 P.3d 494, 502 (2009) (citing *Nampa & Meridian Irr. Dist. v. Mussell*, 139 Idaho 28, 33, 72 P.3d 868, 873

4

(2003)). Because this Court employs the same standards on appellate review that the trial court applies in considering summary dismissal of a petition for post-conviction relief, if Ridgley failed to provide admissible evidence supporting these claims, they were properly dismissed.

*Id.*

Here, the state's motion to dismiss Klingonsmith's application was based on grounds that his allegations were not supported by admissible evidence, but the district court granted the motion on grounds of failure to state a claim upon which relief could be granted. Therefore, pursuant to *Ridgley*, if Klingonsmith failed to provide admissible evidence supporting his claims, they were properly dismissed.

We first address whether Klingonmsith's three ineffective assistance of counsel claims--that counsel failed to inform the district court that Klingonsmith had memory loss from a stroke and other medical issues, failed to review and challenge the psychosexual evaluation, and failed to file a proper appeal and I.C.R. 35 motion as requested--were supported by admissible evidence making a prima facie case as to each essential element of the claims. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177.

After a review of admissible evidence in the record, Klingonsmith's claims that his counsel was ineffective for failing to inform the district court that Klingonsmith had memory loss from a stroke and other medical issues and failing to review and challenge the psychosexual evaluation were posited merely as conclusory allegations. Klingonsmith did not provide any admissible evidence to show that his counsel's representation fell below an objective standard of reasonableness or a reasonable probability that, but for his counsel's deficient performance, the

5

outcome of his case would have been different. Therefore, these two claims were properly dismissed.

We next address Klingonsmith's claim that his counsel was ineffective for not filing a proper appeal and Rule 35 motion as requested. A criminal defendant's right to counsel includes the right to legal representation on appeal. *Douglas v. California*, 372 U.S. 353, 354-58 (1963); *Flores v. State*, 104 Idaho 191, 194, 657 P.2d 488, 491 (Ct. App. 1983). The decision whether to prosecute an appeal rests with the defendant. *Gardner v. State*, 91 Idaho 909, 912, 435 P.2d 249, 252 (1967). Where a defendant asks his or her attorney to appeal and the attorney refuses, the defendant is deprived of effective assistance of counsel. *Sanders v. State*, 117 Idaho 939, 940, 792 P.2d 964, 965 (Ct. App. 1990); *State v. Dillard*, 110 Idaho 834, 838, 718 P.2d 1272, 1276 (Ct. App. 1986); *Flores*, 104 Idaho at 194-95, 657 P.2d at 491-92. This is because, in such a circumstance, the loss of one's right to appeal is prejudice per se. *See Beasley v. State*, 126 Idaho 356, 359-60, 883 P.2d 714, 717-18 (Ct. App. 1994). While Klingonsmith's claim of ineffective assistance of counsel for failure to file an appeal as requested is supported by his own attestations in his verified application, the claim is disproven by the record. This Court reviewed and affirmed Klingonsmith's judgment of conviction and sentence in an unpublished opinion. *State v. Klingonsmith*, Docket No. 35916 (Ct. App. Dec. 1, 2009). Although Klingonsmith did not receive notice of this ground for dismissal, we will not reverse and remand for further proceedings on a claim that is demonstrably fallacious and spurious. To allow further proceedings on this claim would be to countenance the abuse of judicial process. With regard to Klingonsmith's claim of ineffective assistance of counsel for failure to file a Rule 35 motion as requested, while Klingonsmith's verified application and affidavit provide some evidence to support this allegation, Klingonsmith did not provide any evidence of prejudice. Accordingly, this claim was properly dismissed.[2]

Finally, Klingonsmith's claims of a violation of due process and that his sentence was excessive were posited merely as conclusory allegations in his application without any supporting argument or evidence. Therefore, these claims were properly dismissed.

---

[2] We also note that this claim is disproven by the record because a hearing was held on Klingonsmith's Rule 35 motion to reduce his sentence on August 28, 2008.

6

**B.     Ineffective Assistance Pertaining to Psychosexual Evaluation**

We next address Klingonsmith's argument that the district court improperly dismissed his claim that his guilty plea was not knowingly, intelligently, and voluntarily entered because his counsel failed to explain that his Fifth Amendment right related to a psychosexual evaluation prior to his entry into a plea agreement whereby he waived such right. We first explain the evolution of this claim.

In his pro se application for post-conviction relief, Klingonsmith asserted that he received ineffective assistance of counsel when his counsel failed to inform him that he "had the right to refuse psychosexual testing." In his memorandum objecting to the state's motion to dismiss, Klingonsmith argued that he "sufficiently raised issues of material fact as to his representation regarding a deficiency in his counsel's representation regarding the decision to participate in a psychosexual evaluation." In support of his argument, Klingonsmith focused on *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006).

In that case, Estrada pled guilty to the rape of his wife. At the plea hearing, the district court accepted Estrada's plea and ordered a psychosexual evaluation. Estrada did not want to participate in the evaluation, but decided to do so based on his attorney's statement that "we would not want the judge to consider your lack of cooperation to mean that you are not willing to comply with court orders." *Id.* at 560, 149 P.3d at 835. The evaluation was completed and included a number of unfavorable and derogatory comments about Estrada. In imposing Estrada's sentence, the district court relied on the results of the evaluation. Estrada filed a post-conviction application alleging ineffective assistance of counsel for failing to advise him, after entering a guilty plea, that he retained his Fifth Amendment right against self-incrimination at a court-ordered psychosexual evaluation. The Idaho Supreme Court held that a defendant has a Fifth Amendment right against self-incrimination at a psychosexual evaluation that may support a harsher sentence. *Id.* at 564, 149 P.3d at 839. The Court also held that the decision whether to participate in a psychosexual evaluation involves a critical stage and, therefore, a Sixth Amendment "right to at least the advice of counsel regarding his [or her] participation in the psychosexual evaluation." *Id.* at 562-63, 149 P.3d at 837-38. The Court concluded that Estrada's counsel was deficient for failing to advise Estrada of his Fifth Amendment right against self-incrimination as it applied to the psychosexual evaluation. *Id.* at 564, 149 P.3d at 839. The Court also concluded that Estrada demonstrated prejudice as a result of his counsel's

deficiency because he showed that the sentencing judge specifically and repeatedly referred to the psychosexual evaluation, which suggested that it played an important role in the sentencing. *Id.* at 565, 149 P.3d at 840. As such, the Court held that Estrada met his burden of showing ineffective assistance of counsel. *Id.*

In support of his memorandum objecting to the state's motion to dismiss, Klingonsmith submitted a new affidavit and a transcript of the sentencing hearing. In the affidavit, Klingonsmith explained that, when the district court ordered a psychosexual evaluation, he had concerns about participating, but was told by his counsel that he had to participate because the district court ordered it. Further, Klingonsmith asserted that he was not told his Fifth Amendment right against self-incrimination applied to the psychosexual evaluation and did not have any assistance regarding the decision of whether to participate. Finally, Klingonsmith argued that his sentence was the result of the significant amount of weight the district court placed on the psychosexual evaluation. These claims mirrored the claims in *Estrada*.

In response to Klingonsmith's memorandum, the state filed a reply, asked the district court to take notice of Klingonsmith's plea agreement, and argued that the plea agreement disproved Klingonsmith's claims. At the hearing on the motion to dismiss, the state similarly argued that, because Klingonsmith signed a written plea agreement that indicated he had a right to not incriminate himself in the psychosexual evaluation and agreed to waive all Fifth Amendment rights and complete such evaluation, there was no evidence in the record to support Klingonsmith's claim that he was not informed of his Fifth Amendment right in relation to the evaluation. In reply, Klingonsmith asserted for the first time that, while his memorandum relied heavily on *Estrada*, his claim was not a true *Estrada* claim, but rather a variant of *Estrada*. Specifically, Klingonsmith urged the district court to extend *Estrada* to his newly-clarified claim that, because his counsel failed to advise him that his Fifth Amendment right against self-incrimination applied to the psychosexual evaluation prior to his signing a plea agreement whereby he waived such right and agreed to complete such evaluation, Klingonsmith did not understand what he was signing. In ruling on that issue, the district court stated, "I'm still struggling with the fact that if he expressly waives his Fifth Amendment right as to the psychosexual evaluation in the plea agreement, how can he claim that he didn't know that the Fifth Amendment related to the psychosexual evaluation. It's beyond me." The district court further noted that there was "nothing that convince[d] the Court this was not a knowing and

8

intelligent plea and that he entered into it with his eyes wide open." The district court then granted the state's motion to dismiss Klingonsmith's application.

On appeal, Klingonsmith argues that the district court erred by dismissing his "*Estrada*-type" claim. Specifically, he asserts that his guilty plea was not knowingly, intelligently, and voluntarily entered because his counsel failed to explain that his Fifth Amendment right related to a psychosexual evaluation prior to his entry into a plea agreement whereby he waived such right and agreed to submit to such evaluation.

We first note that, for purposes of this claim, the important holdings of *Estrada* are that the Fifth Amendment right against self-incrimination applies in a psychosexual evaluation and that a defense attorney is deficient if he or she fails to so advise a client who is faced with such an examination of that right. Whether defense counsel has the same obligation in the course of conferring with the client regarding waiver of this Fifth Amendment right in a guilty plea, we need not decide here. Klingonsmith's contention that he did not know that his Fifth Amendment right against self-incrimination applied to a psychosexual evaluation prior to his entry into a plea agreement waiving such right is disproven by the record. The statement in Klingonsmith's plea agreement that he "hereby waives any right against self-incrimination and agrees to successfully complete a psychosexual evaluation" and the statement in his acknowledgement and consent form that "I understand that even though I may be ordered to complete a psychosexual evaluation I still have the right under the 5th Amendment of the Idaho[3] and United States Constitutions not to incriminate myself" plainly advised Klingonsmith of that right. Therefore, by any inaction of counsel, Klingonsmith could not have been prejudiced because the plea documents informed Klingonsmith of the right against self-incrimination at a psychosexual evaluation before he entered into a plea agreement waiving such right. Klingonsmith's contention that he was ignorant of that right is thus disproven by the record and is disingenuous and frivolous.

We also note that Klingosmith did receive notice of this ground for dismissal before the hearing on the state's motion to dismiss. The state's motion for dismissal listed as grounds only that Klingonsmith's claims were not supported by admissible evidence. However, as noted above, after Klingonsmith objected to the motion, the state filed a reply asking that the district

---

[3] The correct citation to the relevant provision of the Idaho Constitution is Article I, Section 13.

9

court take judicial notice of the underlying criminal action, particularly the written plea agreement, and arguing that the plea agreement disproved Klingonsmith's claims. Accordingly, the district court did not err by dismissing Klingonsmith's "*Estrada*-type" claim.

## III.

## CONCLUSION

The district court did not err in dismissing Klingonsmith's ineffective assistance of counsel claims, his claim of a violation of due process, and his claim that his sentence was excessive because these claims were either unsupported by admissible evidence or disproven by the record. Accordingly, the district court's dismissal of Klingonsmith's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**