IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41036

| DOUGLAS RICHARD NAY, | ) | 2014 Unpublished Opinion No. 590 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 25, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed.

Douglas Richard Nay, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Douglas Richard Nay appeals from the district court's summary dismissal of his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Nay pled guilty to vehicular manslaughter, I.C. §§ 18-4006(3)(b) and 18-4006(3)(a), and delivery of a controlled substance, I.C. § 37-2732(a). In exchange for his guilty pleas, the state dismissed additional charges. The district court sentenced Nay to a unified term of fifteen years, with a minimum period of confinement of ten years, for vehicular manslaughter and a concurrent unified life sentence, with a minimum period of confinement of seven years, for delivery of a controlled substance. Nay filed an I.C.R. 35 motion challenging the sentence imposed for delivery of a controlled substance, but stated he was not challenging the sentence imposed for vehicular manslaughter because "it was just for him to receive said sentence." The district court

1

denied the Rule 35 motion. Nay appealed both sentences and this court affirmed in an unpublished opinion. *State v. Nay*, Docket Nos. 38322 and 38323 (Ct. App. Sep. 14, 2011).

In June 2012, Nay filed a petition for post-conviction relief alleging ineffective assistance of counsel. Nay also filed a motion for appointment of counsel which was denied. In denying the motion, the district court stated that the "file will be reviewed to determine if there is a basis for post-conviction relief. If the petition is not subject to summary dismissal pursuant to I.C. § 19-4906(b), counsel will be appointed to represent [Nay] at any evidentiary hearing." The state then filed an answer and the district court issued a notice of intent to dismiss. Nay filed a response, after which the district court entered an order of dismissal. Nay filed an appeal and a request for appellate counsel. The district court denied this request.

On appeal, the state filed a motion requesting the Idaho Supreme Court remand the case for consideration of Nay's motion for appointment of counsel to determine whether his petition alleged the possibility of a valid claim.[1] The Court granted the motion and suspended the appeal. The district court thereafter entered a second order denying the appointment of post-conviction counsel.

## II.

## ANALYSIS

Nay argues the district court erred in denying his request for post-conviction counsel and by summarily dismissing his petition for post-conviction relief. We address each claim in turn.

### A. Appointment of Counsel

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court

---

[1] The district court's order dismissing Nay's petition solely addressed the issue of whether the claims should be subject to summary dismissal. The state, presumably recognizing the district court did not address the correct legal standard in denying Nay's request for appointment of counsel, made this motion in response.

abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to Section 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id*. at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

Nay's petition alleged his attorney provided ineffective assistance of counsel in a multitude of ways. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

3

### 1.    Motion to suppress

Nay argues his attorney provided ineffective assistance by failing to move to suppress statements Nay made to police while he was in the hospital.[2]  In its notice of intent to dismiss, the district court indicated Nay failed to specify which statements should have been suppressed. The district court also noted that the effect that a guilty plea would have on a potential suppression motion was explained to Nay when he pled guilty.  In Nay's response to the district court's notice, he again failed to articulate which statements he desired be suppressed.

Furthermore, at the change of plea hearing, the district court inquired as to whether Nay made any confessions or admissions.  Nay responded that he did not.  However, shortly thereafter the following colloquy took place:

> [STATE]:    Going back to your question Your Honor asked about whether he made a confession to the police, there was an interview with the police.  I don't know if you would characterize it as a confession, necessarily, but that's something Your Honor maybe should know, in all candor.
> [DEFENSE COUNSEL]:    And I have discussed this with Mr. Nay, and he did conduct an interview with the police.  He did not give any information that ultimately, I think, led to his immediate conviction.
> And we went over whether or not a suppression motion would be in order, and we made the determination that a suppression motion was not going to be necessary.
> THE COURT:    Well, of course, that's addressed on page 5 of the guilty plea examination form in Questions 22 and 23 specifically.

Question 22 of the guilty plea questionnaire asks, "Are there any motions or other requests for relief that you believe should still be filed in this case?"  In response, Nay circled, "No." Question 23 asked, "Do you understand that if you enter an unconditional guilty plea in this case you will not be able to challenge any ruling that came before the guilty plea including . . . any issues about any statements you may have made to law enforcement?"  Nay circled, "Yes." Given the colloquy at Nay's plea hearing, along with his guilty plea advisory form, the district court correctly concluded that Nay failed to raise the possibility of a valid claim regarding counsel's failure to file a motion to suppress.

---

[2]    Nay's conviction for vehicular manslaughter stemmed from an incident where Nay lost consciousness while driving, crossed over multiple lanes of traffic, and collided with an oncoming vehicle.  Following the collision, Nay was transported to the hospital where he made statements to police.

## 2. False information in presentence investigation report

Nay argues his attorney provided ineffective assistance by failing to correct false information in the presentence investigation report (PSI) and that the district court used this information against him at sentencing. Specifically, Nay contends the state gave the victim's family false information, and as a result, the victim's family sent letters to the PSI investigator containing false information. However, this issue was specifically addressed at the sentencing hearing. There, the state advised the district court:

> Judge, there is one discrepancy I would like to point out, and that is with regards to this latest addendum to the presentence investigation for the letter, it's a two-page single-spaced letter, in the form, basically, of an e-mail from [the victim's family member] directed to Your Honor dated the 18th of November.
>
> In the last paragraph, Judge, she references a meeting that we had in which she claims that I told her that [Nay] had wrote a letter saying that, quote, "[the victim] had deserved to die," and that it was [the victim's] fault that he died, and she felt like she had been kicked in the stomach.
>
> I have reviewed that--that struck me as inaccurate. And, in fact, . . .
> . . . .
> . . . it is inaccurate, and I talked to the victim witness coordinator to make sure that that was also her point of view on it, and she agreed.
> . . . .
> . . . And so, Judge, I think what she's referring to is what's included in the presentence investigation report. I don't--there isn't a page number, but there is a handwritten letter from [Nay] to his girlfriend.
> . . . .
> . . . [Nay] talks about how that the victim took his life into his own hands because his seat wasn't bolted, et cetera, and those were things that we shared as far as what we think that the defensive strategy was going to be in the case.
>
> It wasn't a matter of us telling the victim--and I can't control too much. I didn't realize there was a miscommunication going on there. We never said that he deserved to die, or anything like that[.]

Counsel for Nay then responded, "And we were also troubled by that. We thank the State for the correction and clarification on that. There was certainly no intent on Mr. Nay's part to at all besmirch the name of the victim of this crime." Furthermore, Nay addressed the district court at sentencing, expressed remorse, and acknowledged his actions resulted in the victim's death. Thus, the record demonstrates Nay's claim that his attorney provided ineffective assistance for failing to object to erroneous information in the PSI is without merit, and Nay has failed to raise the possibility of a valid claim.

### 3. Inducement of plea on incorrect advice

Nay argues his attorney provided ineffective assistance by informing Nay that, if he pled guilty, he would not receive a life sentence and by anticipating Nay would not receive a sentence exceeding fifteen years, with a minimum period of confinement of five years. However, the plea agreement and the guilty plea advisory form demonstrate Nay was aware of the potential sentences he could receive. The plea agreement contemplated that the state would recommend thirteen years fixed in the manslaughter case and between fifteen years and life in the delivery of a controlled substance case. During Nay's plea colloquy, the district court advised him that the plea agreement was simply a recommendation and that it was not binding on the court. Nay confirmed he understood this. Further, the guilty plea advisory form contained the following statement:

> I understand that my plea agreement is a non-binding plea agreement. This means that the judge is not bound by the agreement or any sentencing recommendations, and may impose any sentence authorized by law, up to the maximum sentence for any offense. Because the court is not bound by the agreement, if the district court chooses not to follow the agreement, I will not have the right to withdraw my guilty plea.

Nay placed his initials next to this statement. Moreover, when the district court inquired of Nay whether anyone promised leniency from the district court, Nay stated they had not. Thus, even if Nay could establish deficient performance with respect to his attorney's recommendation to plead guilty, Nay is unable to establish prejudice and has failed to raise the possibility of a valid claim. *See Buss v. State*, 147 Idaho 514, 517, 211 P.3d 123, 126 (Ct. App. 2009) (even if trial counsel fails to advise defendant of the consequences of a plea, where the record demonstrates the defendant was advised of the consequences before pleading guilty, a finding of prejudice under the second prong of *Strickland* is precluded). Thus, Nay has failed to demonstrate the possibility of a valid claim that his attorney induced him to plead guilty on incorrect advice.

### 4. Failure to investigate

Nay argues his attorney provided ineffective assistance in failing to investigate the case properly. Specifically, Nay contends his attorney should have sought forensic test results from the blood and urine samples taken by police following the vehicular crash. However, the state's factual basis given at the guilty plea hearing indicated a test was performed and that Nay had methamphetamine and amphetamine in his system. The state contended Nay was coming down

off of methamphetamine at the time he crashed. Nay confirmed this during allocution. Nay has not explained how these test results were deficient or explained what further testing would have accomplished. Moreover, the guilty plea form inquired whether "there was anything you requested your attorney do that has not been done." Nay responded, "No." Thus, Nay has failed to state the possibility of a valid claim of failing to investigate.

### 5. Failure to file an appeal

Nay argues his attorney provided ineffective assistance by failing to file an appeal after the district court denied his Rule 35 motion on the delivery of a controlled substance case. Specifically, although Nay's attorney filed direct appeals in both underlying cases, he contends his attorney should have also appealed from the denial of the Rule 35 motion.

A defendant's right to representation by counsel extends to all critical stages of his or her trial, including appeal. *Flores v. State*, 104 Idaho 191, 194, 657 P.2d 488, 491 (Ct. App. 1983); *see also Douglas v. California*, 372 U.S. 353, 357-58 (1963). This right to counsel includes the right to effective assistance of counsel. *State v. Clayton*, 100 Idaho 896, 897, 606 P.2d 1000, 1001 (1980). Where a criminal defendant advises his or her attorney of a desire to appeal, and the attorney fails to take the necessary steps to file an appeal, such a defendant has been denied his or her constitutional right to the effective assistance of counsel at a critical stage in the proceedings. *Flores*, 104 Idaho at 194-95, 657 P.2d at 491-92.

While Nay claims in his appellate brief that he told his attorney to file an appeal from the denial of the Rule 35 motion, this assertion is not supported by his petition, the accompanying affidavit, or Nay's response to the district court's notice of intent to dismiss. Rather, Nay's claim below was that his attorney provided ineffective assistance in failing to consult with Nay regarding whether to appeal.

Where the defendant has not conveyed his or her intent with respect to an appeal either way, the court must first determine whether trial counsel consulted with the defendant about an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000); *Pecone v. State*, 135 Idaho 865, 868, 26 P.3d 48, 51 (Ct. App. 2001). In this context, the term "consult" means advising the defendant about the advantages and disadvantages of pursuing an appeal and making a reasonable effort to discover the defendant's wishes. *Flores-Ortega*, 528 U.S. at 478. If counsel has consulted with the defendant, then counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with regard to an appeal. *Id.* If counsel has not

7

consulted with the defendant, then counsel's performance in failing to consult with the defendant is itself deficient if a rational defendant would want to appeal or the particular defendant reasonably demonstrated to counsel that he or she was interested in appealing. *Id.* at 480. In making these determinations, courts must take into account all the information counsel knew or should have known. *Id.*

Here, Nay's attorney appealed Nay's sentence and this Court reviewed that sentence. The Rule 35 motion did not present any material new evidence[3] for the district court to consider and further review by this Court would have been futile. Moreover, Nay's attorney augmented the record on direct appeal to include the Rule 35 pleadings. Under these circumstances, a rational defendant would not desire to appeal the denial of the Rule 35 motion as well. Therefore, Nay failed to present the possibility of a valid claim regarding the failure to file an appeal from the Rule 35 motion.

**B.      Summary Dismissal**

Nay argues the district court erred by summarily dismissing his petition. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray*, 121 Idaho at 921, 828 P.2d at 1326. Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the

---

[3]      Nay argued a reduction in the sentence would serve the interests of justice and would potentially allow Nay to enroll in Department of Corrections programming in a more timely fashion. The motion also indicated Nay desired to enter the Theraputic Community Program and begin making restitution payments as soon as possible.

petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111; *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is

presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Given our conclusion above, that Nay has failed to demonstrate even the possibility of a valid claim, it necessarily follows that Nay failed to meet the more demanding standard required to survive summary dismissal. Therefore, the district court did not err in summarily dismissing Nay's petition.

### III.

### CONCLUSION

The district court correctly determined that Nay failed to raise even the possibility of a valid claim. Accordingly, we affirm the judgment summarily dismissing Nay's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**