905 P.2d 91

**Raul D. HERNANDEZ, Petitioner–
Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21281.

Court of Appeals of Idaho.

March 6, 1995.

Appeal Decided, See 127 Idaho 685, 905
P.2d 86.

Susan E. Wiebe, Caldwell, for appellant.

Alan G. Lance, Atty. Gen., Myrna A.I.
Stahman, Deputy Atty. Gen., Boise, for re-
spondent.

PERRY, Judge.

This is an appeal from the district court's
denial of Raul D. Hernandez's post-conviction
application. The sole issue raised is whether
the district court erred in ruling that counsel
was not ineffective for failure to file a peti-
tion for review to the Idaho Supreme Court
following this Court's opinion from Hernan-
dez's appeal, *State v. Hernandez,* 120 Idaho
785, 820 P.2d 380 (Ct.App.1991). We affirm
the order of the district court, albeit on
different grounds.

Hernandez was found guilty by a jury of three counts of delivery of a controlled substance, I.C. § 37–2732, and three Illegal Drug Stamp Act violations, I.C. §§ 63–4202 to –4208 (1989). On the delivery convictions, Hernandez received three concurrent sentences of ten to twenty-five years. He also received three concurrent sentences of one-year fixed terms on the Illegal Drug Stamp Act violations, to be served concurrently with the sentences on the delivery counts. On direct appeal from the convictions, Hernandez prevailed on his constitutional arguments against the 1989 Illegal Drug Stamp Act, and this Court vacated the convictions and sentences related to that Act. The Court, however, affirmed the convictions and sentences on the delivery counts.

In October 1993, Hernandez filed an application for post-conviction relief. In his application, Hernandez asserted that counsel on his prior appeal from the criminal conviction failed to petition the Idaho Supreme Court for review of the Court of Appeals' decision and that such failure constituted ineffective assistance of counsel. In his response to the district court's notice of intent to dismiss the application, Hernandez further averred that his prior appellate counsel was ineffective in failing to notify him of the Court of Appeals' opinion and in failing to discuss his right to petition the Idaho Supreme Court for review of that opinion. Hernandez asserted that, as a result of counsel's omissions, he had suffered prejudice in the form of a lost opportunity to have a federal habeas corpus petition considered on its merits, rather than be subject to dismissal on the ground that he had failed to exhaust state remedies.[1] Accordingly, Hernandez argued to the district court, and to this Court on appeal, that he was entitled to post-conviction relief.

## ANALYSIS

▮ In order to prevail on a claim a defendant has been denied his constitutional right to effective assistance of counsel, the defendant must show that his counsel's performance was deficient and that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). These principles also apply to claims of ineffectiveness in appeals. *Id.* at 697, 104 S.Ct. at 2069; *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). *See also Matthews v. State,* 122 Idaho 801, 839 P.2d 1215 (1992); *Aragon v. State,* 114 Idaho 758, 760 P.2d 1174 (1988); *Fodge v. State,* 125 Idaho 882, 876 P.2d 164 (Ct.App.1994); *Maxfield v. State,* 108 Idaho 493, 700 P.2d 115 (Ct.App. 1985). However, when the attorney's deficiency is a failure to file an appeal as requested by the client, the loss of the opportunity to appeal is itself sufficient prejudice to meet the second prong of the *Strickland* test. *Beasley v. State,* 126 Idaho 356, 883 P.2d 714 (Ct.App.1994); *Mata v. State,* 124 Idaho 588, 861 P.2d 1253 (Ct.App.1993).

The district court failed to make findings as to whether counsel for Hernandez in his direct appeal advised Hernandez of the opinion of the Court of Appeals or informed him of his right to pursue a petition for review to the Supreme Court. In denying post-conviction relief, the district court did not hold that counsel was ineffective in failing to file a discretionary petition for review. The district court ruled that Hernandez had not established the required prejudice to entitle him to relief.

▮ Review by the Idaho Supreme Court of a decision of the Court of Appeals is not something to which a party is entitled as a matter of right. Rather, granting a petition for review is discretionary with the Supreme Court. I.A.R. 118(b). The United States Supreme Court has held that there is no federal constitutional right to counsel in seeking discretionary review of an appellate decision. *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Where a defendant has no constitutional right to counsel in a discretionary appeal, he can not be deprived of constitutionally mandated effective assistance of counsel by his counsel's failure to timely file an application for review

---

1. The record does not contain either Hernandez's petition for habeas corpus relief, if one has indeed been filed, or an order from the federal court denying him habeas corpus relief.

to the state supreme court. *Wainwright v. Torna*, 455 U.S. 586, 587, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982). Accordingly, Hernandez asserts that his right to counsel on a petition for review comes not from a constitutional source but is statutorily derived from I.C. §§ 19–852(b)(2), (3) and –853(b). We agree that these statutes confer a right to the effective assistance of counsel in any appellate proceedings.

■ Hernandez urges that his counsel's failure to petition the Supreme Court for review should be analogized to cases where counsel's failure to file an appeal of right when requested has been held to be ineffective assistance *per se*. In those cases, where it was shown that the defendant had asked for and been denied an appeal due to counsel's inaction, the appropriate remedy was to reenter the judgment of conviction to allow the time for filing an appeal to begin anew so the defendant can take the appeal that had been wrongfully denied. *Beasley v. State*, 126 Idaho 356, 883 P.2d 714 (Ct.App.1994); *Mata v. State*, 124 Idaho 588, 861 P.2d 1253 (Ct.App.1993); *Ricca v. State*, 124 Idaho 894, 865 P.2d 985 (Ct.App.1993). Therefore, Hernandez argues his judgment of conviction should be reentered by the district court in order to begin his direct appeal anew. As an alternative remedy, Hernandez seeks the suspension of the time limit for filing a petition for review to the Idaho Supreme Court.

We find Hernandez's first request for relief to be inappropriate. Unlike the convicted defendants in the cases he cites, Hernandez has not in fact been denied an appeal. The stage of the appellate process Hernandez challenges is the last, discretionary step—not the first step, which is a matter of right. We find no legal authority or justification whereby this Court can somehow vacate its previously issued opinion and allow Hernandez to reinstate his appeal from the district court.

Idaho Appellate Rule 118 provides that a petition for review must be filed within twenty-one days of the Court of Appeals' opinion. To date, Hernandez has not filed a petition for review. For Hernandez to be granted leave to file a late petition would necessitate not that his conviction be reentered, but that

the Supreme Court waive the time limit for filing the petition. Neither the district court nor this Court is empowered to disturb our previous opinion on appeal which was made final by the issuance of a remittitur. The relief requested by Hernandez can only be accorded by the Supreme Court and, in spite of the assignment of this appeal to the Court of Appeals, this Court cannot waive the time constraints of I.A.R. 118 on behalf of the Supreme Court. Therefore, because the relief which Hernandez seeks is not available through post-conviction proceedings, we affirm the order of the district court denying relief.

Hernandez is free to pursue a petition for review of our decision herein. Hernandez may also submit a motion to the Supreme Court requesting that he be allowed to make a late filing of a petition for review of this Court's opinion on the appeal from the judgment of conviction. Hernandez may reassert therein that his counsel's failure to pursue a petition for review precludes a collateral attack in federal court on the basis of exhaustion principles, which operate as a procedural bar to further access to the federal court.

## CONCLUSION

We conclude that by statute, the Idaho legislature has granted to defendants the right to effective assistance of counsel in any appellate proceeding, including the filing of a petition for review of a Court of Appeals' decision. Faced with a post-conviction application alleging ineffectiveness as a result of appellate counsel's failure to file a petition for review, the district court has no option but to deny relief. The Idaho Supreme Court alone has the authority to suspend the time limits surrounding the filing of a petition for review. Therefore, we affirm the order of the district court denying post-conviction relief on Hernandez's application.

WALTERS, C.J., and LANSING, J., concur.