32 P.3d 672

Benjamin A. JAKOSKI, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 26150.

Court of Appeals of Idaho.

June 15, 2001.

Review Denied Sept. 24, 2001.

Ronaldo A. Coulter, State Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Benjamin A. Jakoski appeals from an order of the district court summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

Jakoski was originally charged with sexual abuse of a child under the age of sixteen. In December 1994 pursuant to a plea agreement, Jakoski pled guilty to assault with the intent to commit a serious felony. I.C. §§ 18–901, –909. The district court imposed a unified five-year sentence, with a minimum period of confinement of two years, but suspended execution of the sentence and placed Jakoski on probation for a period of five years.

On January 26, 1995, the state filed a petition for revocation of probation, and Jakoski admitted the violation. The district court ordered the previously suspended sentence into execution, but retained jurisdiction for 180 days. After expiration of the retained jurisdiction period, the district court again suspended execution of the original sentence, placing Jakoski on probation for a term of eight years.

On June 7, 1996, a petition for revocation of probation was again filed by the state. Jakoski admitted to the probation violation. As a result of this transgression, on July 24, 1996, the district court extended Jakoski's term of probation to ten years. In addition, as a term and condition of probation, Jakoski

agreed to serve 365 days in the Blaine County jail.

On September 18, 1997, a third petition to revoke Jakoski's probation was filed by the state. Jakoski admitted the violation and stipulated to entry of the originally suspended sentence. A telephonic hearing was held regarding the amount of credit for time served to which Jakoski was entitled. The district court found that Jakoski was entitled to credit of 224 days, but that Jakoski was not entitled to credit for the 365 days served in the county jail as a condition of his probation. On October 24, 1997, the district court ordered into execution the previously suspended sentence of a unified five-year term, with a fixed two-year term, stemming from the 1994 judgment of conviction. Jakoski filed a direct appeal challenging the district court's denial of the claimed 365 days. In *State v. Jakoski*, 132 Idaho 67, 966 P.2d 663 (Ct.App.1998), this Court affirmed the district court's refusal to award Jakoski credit for the 365 days served in the county jail as a condition of his probation.

Jakoski filed an application for post-conviction relief. In that application, Jakoski alleged that his trial counsel was ineffective for failing to advise him that he would not receive credit for the time served as a condition of his probation. In addition, Jakoski alleged that his appellate counsel was ineffective for failing to raise, as an issue on direct appeal, the voluntariness of his admissions to his probation violations and was ineffective by failing to aid him in seeking review before the Idaho Supreme Court. The state filed a motion for summary dismissal of Jakoski's application for post-conviction relief. Following a telephonic hearing, the district court granted the motion and summarily dismissed Jakoski's application. Jakoski appeals.

## II.

### ANALYSIS

We first note that an application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner*,

110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App.1986).

■ On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the non-moving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

## A. Ineffective Assistance of Trial Counsel

■ Jakoski first alleges that the district court erred by summarily dismissing his application for post-conviction relief because he had raised genuine issues of material fact regarding ineffective assistance on the part of his trial counsel. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray,* 121 Idaho at 924–25, 828 P.2d at 1329–30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Hassett v. State,* 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App. 1995); *Russell,* 118 Idaho at 67, 794 P.2d at 656; *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell,* 118 Idaho at 67, 794 P.2d at 656. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177; *Russell,* 118 Idaho at 67, 794 P.2d at 656.

Jakoski claims that his trial counsel was deficient because counsel failed to advise Jakoski in relation to his second probation violation that, if he violated his probation a third time and his original sentence was thereafter imposed, he would not be entitled to credit for the 365 days of jail time served as a condition of probation. Jakoski asserts

that had he known that he would not get credit for the time served in the county jail as a condition of probation, he would have refused reinstatement of his probation upon the second violation and elected instead for incarceration at that time.

■ At the telephonic hearing on the state's motion for summary dismissal of Jakoski's application for post-conviction relief, the district court found that Jakoski "had been clearly advised at the sentencing in the second probation violation, which he accepted, that he would get no credit." In support of this finding, the district court relied on its statement at the disposition hearing regarding Jakoski's second probation violation that "there will be no credit for any time with regard to that county jail time, and there will be no good time. You will spend a year in the county jail." However, this statement was to inform Jakoski that he would not get credit for any time *previously* served in relation to the 365 days in the county jail ordered as a condition of probation. This is evidenced by the district court's written order which stated that Jakoski "shall serve three hundred sixty-five (365) days in the Blaine County Jail and shall not receive credit for time previously served, nor for any good time now or in the future." Thus, we conclude that Jakoski has made a prima facie showing that he was not advised at the disposition hearing on his second probation violation that if he violated his probation a third time, he would not be entitled to credit for the 365 days of jail time served as a condition of probation. Therefore, we must determine whether the failure of Jakoski's trial counsel to inform Jakoski of this information constituted ineffective assistance of counsel.

To prevail on an ineffective assistance of counsel claim, the defendant must first show that the attorney's performance was deficient. *Hassett,* 127 Idaho at 316, 900 P.2d at 224. In this case, Jakoski asserts that his trial counsel's performance was deficient because his counsel failed to inform him prior to the time that he agreed to accept a reinstatement of his probation upon his second violation that the 365 days served as a condition of such probation would not be credited against any future sentence imposed by the

district court. We conclude, however, that the consequence of which Jakoski now complains is only tangentially related to his second probation violation admission. The issue of Jakoski's entitlement to credit for the 365 days served in the county jail as a condition of probation became material only after Jakoski committed his third probation violation, was found guilty of such violation, had his previously suspended sentence ordered into execution by the district court, and was denied credit for the time served as a condition of the second continuation of probation. Thus, the absence of entitlement to credit for the 365 days served as a condition of probation was a remote consequence of Jakoski's decision to accept probation upon his second violation.

In addition, due process only requires that a defendant be informed of direct, as opposed to collateral, consequences of a guilty plea. *See Wilson v. State*, 133 Idaho 874, 993 P.2d 1205 (Ct.App.2000). Direct consequences are the immediate and automatic consequences of the guilty plea. *Warren v. Richland County Circuit Court*, 223 F.3d 454 (7th Cir.2000). The possible consequences of a future probation violation are collateral, not direct. *Warren*, 223 F.3d at 457. Thus, we conclude that tangential and remote consequences such as this do not fall among the litany of information of which trial counsel has an affirmative duty to inform a defendant or be deemed deficient for failure to do so. Therefore, we hold that the district court properly granted summary dismissal as to this portion of Jakoski's post-conviction relief action.

## B. Ineffective Assistance of Appellate Counsel

Jakoski argues that the district court erred by summarily dismissing his application for post-conviction relief when he had properly raised genuine issues of material fact regarding ineffective assistance on the part of his appellate counsel. A criminal defendant's right to effective representation by counsel extends to all critical stages of the proceedings, including appeal. *Beasley v. State*, 126 Idaho 356, 359, 883 P.2d 714, 717 (Ct.App.1994); *Flores v. State*, 104 Idaho

191, 194, 657 P.2d 488, 491 (Ct.App.1983). Appellate counsel, however, is not required to raise every conceivable issue. *See Aragon*, 114 Idaho at 765, 760 P.2d at 1181. Rather, appellate counsel is required only to make a conscientious examination of the case and file a brief in support of the best arguments to be made. *LaBelle v. State*, 130 Idaho 115, 119, 937 P.2d 427, 431 (Ct.App. 1997).

Jakoski first asserts that his appellate counsel was ineffective for failing to raise on direct appeal the issues of whether his admissions to his second and third probation violations were voluntary. Jakoski contends that in failing to raise these issues his appellate counsel prevented Jakoski from presenting these issues for appellate review. Jakoski contends that his admissions to his second and third probation violations were involuntary due to the district court's failure to inform him prior to his admissions that he would not get credit for the year served in the county jail as a condition of probation. At the hearing on the state's motion for summary dismissal, the district court found that Jakoski's admissions to the second and third probation violations were knowingly, intelligently, and voluntarily entered. Thus, the district court determined that these issues were meritless. Therefore, the district court concluded that the failure of Jakoski's appellate counsel to raise these issues on appeal did not amount to ineffective assistance of counsel.

Jakoski asserts that the district court improperly focused on the merits of the underlying issues in denying his claim of ineffective assistance of appellate counsel. Jakoski contends that he was entitled to a presumption of prejudice with respect to this portion of his claim of ineffective assistance of appellate counsel because he had lost the opportunity to seek review of these issues on appeal. Thus, Jakoski contends that the district court erred in requiring him to prove that the issues not raised on direct appeal were meritorious in order to support his application for post-conviction relief on this ground.

The decision whether to appeal rests with the defendant. *Mata v. State*, 124 Idaho 588, 593, 861 P.2d 1253, 1258 (Ct.

App.1993). Where a defendant asks his or her attorney to appeal and the attorney refuses, the defendant is deprived of effective assistance of counsel. *Mata,* 124 Idaho at 593, 861 P.2d at 1258. In such instance, prejudice is presumed. *Beasley,* 126 Idaho at 362, 883 P.2d at 720. However, Jakoski's appellate counsel did not refuse to pursue an appeal. Jakoski's appellate counsel pursued an appeal but chose not to raise these specific issues therein. Thus, Jakoski was not entitled to a presumption of prejudice with respect to this portion of his application for post-conviction relief as this case is distinguishable from those wherein the presumption of prejudice arises. Therefore, the district court did not err in evaluating the merits of the underlying issues in acting on Jakoski's claim of ineffective assistance of appellate counsel.

■ We have previously determined that the failure of Jakoski's trial counsel to inform him that he would not receive credit for the time served as a condition of probation did not constitute deficient performance. Jakoski was not entitled to be advised of all tangential and remote consequences of his decisions to admit his probation violations. Thus, the failure of the district court to inform Jakoski that he would not receive credit for the time served as a condition of probation also did not render Jakoski's admissions to his second and third probation violations involuntary. Appellate counsel is not required to raise every conceivable issue, but rather is required only to make a conscientious examination of the case and file a brief in support of the best arguments to be made. Because the asserted issues were not meritorious, Jakoski's appellate counsel was not required to raise these issues on appeal. Therefore, Jakoski has failed to show that his appellate counsel was deficient in failing to raise these issues on appeal.

■ Jakoski also alleges that his appellate counsel was "ineffective for failing to notify him of the decision of the Court of Appeals and either file a petition for review or provide [him] with the opportunity for petitioning pro se." Review by the Idaho Supreme Court of a decision of the Court of Appeals is not something to which a party is

entitled as a matter of right. Rather, granting a petition for review is discretionary with the Idaho Supreme Court. I.A.R. 118(b). The United States Supreme Court has held that there is no federal constitutional right to counsel in seeking discretionary review of an appellate decision. *Ross v. Moffitt,* 417 U.S. 600, 615, 94 S.Ct. 2437, 2446, 41 L.Ed.2d 341, 353–54 (1974). Where a defendant has no constitutional right to counsel in a discretionary appeal, he can not be deprived of constitutionally mandated effective assistance of counsel by his counsel's failure to timely file an application for review. However, this Court has held that I.C. §§ 19–852(b)(2), 19–852(b)(3), and 19–853(b) confer a right to the effective assistance of counsel in any appellate proceeding. *Hernandez v. State,* 127 Idaho 690, 692, 905 P.2d 91, 93 (Ct.App.1995).

Jakoski urges that his counsel's failure to petition the Idaho Supreme Court for review or to notify him of this Court's opinion on the appeal from the judgment of conviction should be analogized to cases where counsels failure to file an appeal of right when requested has been held to be ineffective assistance *per se.* In those cases, where it was shown that the defendant had asked for and been denied an appeal due to counsel's inaction, the appropriate remedy was to reenter the judgment of conviction to allow the time for filing an appeal to begin anew so the defendant can take the appeal that had been wrongfully denied. *Id.; Beasley,* 126 Idaho at 362, 883 P.2d at 720. Therefore, Jakoski argues that the "district court erred in denying post-conviction relief allowing him to file an amended appeal, including all relevant issues and, if he so chooses, petitioning the Supreme Court for review."

■ However, unlike the convicted defendants in the cases he cites, Jakoski has not in fact been denied an appeal. The stage of the appellate process Jakoski challenges is the last, discretionary step—not the first step, which is a matter of right. We find no legal authority or justification whereby this Court can somehow vacate its previously issued opinion and reinstate his appeal from the district court. Thus, we hold Jakoski's first request for relief to be inappropriate. *See Hernandez,* 127 Idaho at 692, 905 P.2d at 93.

Jakoski also requests the right to file a petition for review with the Idaho Supreme Court of this Court's opinion on the appeal from the judgment of conviction. Idaho Appellate Rule 118 provides that a petition for review must be filed within twenty-one days of the Court of Appeals' opinion. To date, Jakoski has not filed a petition for review. For Jakoski to be granted leave to file a late petition would necessitate that the Supreme Court waive the time limit for filing the petition. Neither the district court nor this Court is empowered to disturb our previous opinion on appeal which was made final by the issuance of a remittitur. The relief requested by Jakoski can only be accorded by the Supreme Court and, in spite of the assignment of this appeal to the Court of Appeals, this Court cannot waive the time constraints of I.A.R. 118 on behalf of the Supreme Court. Jakoski is free to pursue a petition for review of our decision herein. Jakoski may also submit a motion to the Idaho Supreme Court requesting that he be allowed to make a late filing of a petition for review of this Court's opinion on the appeal from the judgment of conviction. *See Hernandez,* 127 Idaho at 692, 905 P.2d at 93. However, the relief which Jakoski seeks is not available through post-conviction proceedings. Therefore, we affirm the order of the district court summarily dismissing Jakoski's application for post-conviction relief.

### III.

### CONCLUSION

We hold that Jakoski has failed to show that his trial counsel's failure to inform him that he would not receive credit for any time served as a condition of probation constituted deficient performance. Jakoski has also failed to demonstrate that his appellate counsel was deficient for failing to raise on direct appeal the issue of the whether his admissions to the probation violations were voluntary. Furthermore, the district court correctly denied relief on Jakoski's request to file a petition for review. For the reasons stated above, we affirm the district court's order summarily dismissing Jakoski's application for post-conviction relief.

Judge LANSING, concurs.

Chief Judge SCHWARTZMAN, specially concurring.

I concur in the opinion of this Court. I have previously commented upon the seeming inequity and incongruity of NOT granting any credit for jail time served as a "condition of probation" toward the ultimate term of imprisonment, and will not repeat myself. *See State v. Jakoski,* 132 Idaho 67, 69, 966 P.2d 663, 665 (Ct.App.1998); *State v. Lively,* 131 Idaho 279, 281, 954 P.2d 1075, 1077 (Ct. App.1998). I would only note that as an exercise of leniency (discretion), a district court would not be precluded from extending some *de facto* credit in the form of an I.C.R. 35 reduction of the previously imposed fixed term of imprisonment upon revocation of probation and execution of the original sentence.

Secondly, I would suggest that defense counsel routinely, as a matter of policy and courtesy, forward a copy of any appellate decision to his/her client. That way, the client would at least have the opportunity to file a *pro se* petition for review without running afoul of the twenty-one-day deadline contained in I.A.R. 118, giving the Idaho Supreme Court the *discretionary* authority to review our final decision.