# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40579

| | | |
|---|---|---|
| JOSE MANUEL SANCHEZ, | ) | 2013 Unpublished Opinion No. 600 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: July 29, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Jose Manuel Sanchez, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Jose Manuel Sanchez appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

A jury found Sanchez guilty of 112 counts of aggravated battery. Sanchez appealed. In an unpublished opinion, this Court affirmed Sanchez's judgment of conviction. *State v. Sanchez*, Docket No. 36474 (Ct. App. Mar. 25, 2011). Sanchez filed a petition for post-conviction relief and the district court denied Sanchez's request for appointment of counsel. The state filed a motion for summary dismissal, and the district court entered an order summarily dismissing Sanchez's petition. Sanchez appeals.

1

## II.

## ANALYSIS

**A.     Appointment of Counsel**

Sanchez asserts the district court erred by denying his request for appointment of counsel. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal.  I.C. § 19-4904.  The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court.  *Charboneau v. State,* 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004).  When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case.  *Id.*; *Fox v. State,* 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997).  The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits.  *See Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to Section 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner.  *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.  In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete.  *See id.* at 792-93, 102 P.3d at 1111-12.  Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim.  *Id.*  Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State,* 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).  However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts.  *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

Sanchez's petition contained eighteen allegations, summarized as follows:  appellate counsel failed to petition the Idaho Supreme Court to seek review of this Court's decision affirming his judgment of conviction; the district court erred in allowing the victim to testify regarding allegations of abuse between 1993 and 2006; the district court erred in allowing bad acts testimony because it was highly prejudicial, unproven, remote in time, never charged, or

never disclosed to any third person; the district court erred in allowing the victim to testify only as to specific instances of battery on a specific few days and to then testify that similar abuse occurred daily for 112 days; the district court erred in allowing the prosecution to call expert witnesses to testify; the district court erred in not severing the 112 counts into separate trials; the district court erred in admitting evidence of self-torture by the victim; the district court erred in not questioning the victim's credibility when she testified to self-inflicted abuse with a burning tool; the district court erred in being an expert to explain why someone would self-inflict wounds; the district court erred in allowing unbelievable and uncorroborated testimony of the victim as to threats made by Sanchez; the prosecutor inappropriately charged Sanchez with 112 allegations of aggravated battery and the district court erred by allowing all 112 charges go to the jury when the victim could only specifically remember three instances of battery; the district court erred in allowing 112 allegations to go to the jury as part of a common scheme or plan; the district court erred in allowing evidence where credibility was at issue and the evidence was unrealistic; trial counsel failed to preserve a challenge to the district court's decision allowing evidence of removal of the victim's teeth when the evidence had no probative value; trial counsel failed to preserve a challenge to testimony regarding abuse from 1992 through 2007; trial counsel failed to preserve a challenge to the prosecution's psychiatric experts; trial counsel failed to preserve a challenge to admission of testimony by domestic violence experts that had no probative value; and the sentences are cruel and unusual punishment given Sanchez's age and health.

In denying Sanchez's request for appointment of counsel, the district court determined that many of the issues Sanchez raised in his petition were either addressed or could have been raised in his direct appeal. The district court concluded no allegation in Sanchez's petition raised the possibility of a valid claim. Indeed, this Court addressed several of Sanchez's allegations in our unpublished opinion affirming Sanchez's judgment of conviction. *See Sanchez*, Docket No. 36474 (Ct. App. Mar. 25, 2011). These allegations could not be considered, as the principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007). Several of Sanchez's other allegations could have been raised on direct appeal. The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute

for an appeal. I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989).

With respect to Sanchez's claims of ineffective assistance of counsel, such claims may properly be brought under the Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Three of Sanchez's ineffective assistance of trial counsel claims are belied by the record. Specifically, in our unpublished opinion affirming Sanchez's judgment of conviction, this Court addressed Sanchez's claims regarding the district court's decision to allow evidence of removal of the victim's teeth, testimony regarding abuse from 1992 through 2007, and testimony by domestic violence experts. Therefore, these claims were preserved for appeal. With respect to the district court's decision to allow testimony and reports from two psychiatric experts, as noted in our unpublished opinion, the issue of whether one of the expert's testimony and report were relevant was not preserved for appeal. However, in footnote four of our opinion, this Court stated that, even if the issue had been properly preserved, we would have concluded Sanchez failed to demonstrate the evidence lacked relevance or was improperly admitted. Thus, Sanchez could not establish prejudice to support this ineffective assistance of counsel claim.

Sanchez also asserted his appellate counsel failed to petition the Idaho Supreme Court for review of this Court's decision affirming his judgment of conviction. However, review by the Idaho Supreme Court of a decision of this Court is not something to which a party is entitled as a

4

matter of right. *Jakoski v. State*, 136 Idaho 280, 286, 32 P.3d 672, 678 (Ct. App. 2001). Rather, granting a petition for review is discretionary with the Idaho Supreme Court. I.A.R. 118(b). The United States Supreme Court has held that there is no federal constitutional right to counsel in seeking discretionary review of an appellate decision. *Ross v. Moffitt*, 417 U.S. 600, 615 (1974). Where a defendant has no constitutional right to counsel in a discretionary appeal, he or she cannot be deprived of constitutionally mandated effective assistance of counsel by counsel's failure to timely file an application for review. *Jakoski*, 136 Idaho at 286, 32 P.3d at 678. Thus, none of Sanchez's allegations regarding ineffective assistance of counsel raised the possibility of a valid claim. Accordingly, the district court did not abuse its discretion by denying Sanchez's request for court-appointed counsel.

### B. Summary Dismissal

Sanchez contends the district court erred by summarily dismissing his petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray*, 121 Idaho at 921, 828 P.2d at 1326. Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.* at 355, 195 P.3d at 714.

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111; *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

6

review.  *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

As determined above, the allegations in Sanchez's petition were either addressed or could have been raised in his direct appeal, are belied by the record, or failed to raise the possibility of a valid claim.  Thus, the district court did not err by summarily dismissing Sanchez's petition.

**C.      Notice**

Sanchez appears to assert the district court erroneously dismissed his petition on grounds different than those asserted by the state in its motion to dismiss.  Where the state has filed a motion for summary disposition, but the court dismisses the petition on grounds different from those asserted in the state's motion, it does so on its own initiative and the court must provide twenty days' notice.  *Saykhamchone v. State,* 127 Idaho 319, 322, 900 P.2d 795, 798 (1995).  If the district court dismisses on grounds not contained in the state's motion, the petitioner has no opportunity to respond and attempt to establish a material issue of fact.  *See Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010).

The Idaho Supreme Court has held that, when a district court summarily dismisses a post-conviction petition relying in part on the same grounds presented by the state in its motion for summary dismissal, the notice requirement has been met.  *Kelly*, 149 Idaho at 523, 236 P.3d at 1283.  Kelly argued the district court erred in dismissing his petition for post-conviction relief because the state's motion for summary dismissal contained no notice of the grounds on which his claim was dismissed and the district court dismissed several of his claims on grounds entirely different than the grounds argued by the state.  The state's motion sought dismissal on the grounds that there was no evidentiary basis to support Kelly's claims and the state supported its conclusion citing extensively from Idaho law.  *Id*. at 522, 236 P.3d at 1282.  The district court considered Kelly's petition under several grounds not raised by the state, but it also dismissed Kelly's claims on the ground that Kelly did not provide facts sufficient to support his claims.  On appeal, the Idaho Supreme Court held that Kelly was afforded sufficient notice because, when a trial court summarily dismisses a petition for post-conviction relief based in part on the arguments presented by the state, the notice requirements of I.C. § 19-4906(b) are satisfied.  *Kelly*, 149 Idaho at 523, 236 P.3d at 1283.

Here, the state's motion for summary dismissal asserted Sanchez's ineffective assistance of counsel claims failed to raise a genuine issue of material fact and his other claims were bare or

7

conclusory, unsubstantiated by fact, procedurally defaulted, or clearly disproven by the record. In the district court's decision on the motion, the district court identified that most of Sanchez's claims were or could have been raised on direct appeal. The district court also recognized Sanchez's ineffective assistance of trial counsel claims were disproven by the record. Therefore, Sanchez failed to raise any genuine issues of material fact as to those claims. Sanchez's claim related to ineffective assistance of appellate counsel was the only claim for which the district court provided an additional ground for dismissal not contained in the state's motion. Specifically, the district court first stated that Sanchez made no factual showing he ever requested his counsel file a petition for review. The district court concluded Sanchez failed to provide sufficient facts for the issue to be decided in his favor. The district court also determined Sanchez's claim additionally failed because review of a decision of this Court by the Idaho Supreme Court is not something to which a party is entitled as a matter of right and, therefore, a defendant cannot be deprived of effective assistance by counsel's failure to timely file a petition for review. While this additional reason was not a ground for dismissal identified in the state's motion to dismiss, as explained above, when a district court summarily dismisses a petition based in part on arguments presented by the state, the notice requirements of I.C. § 19-4906(b) are satisfied.

## D.    Judicial Bias

Sanchez finally appears to assert the district court was biased because it determined many of his post-conviction claims were procedurally barred. This Court will not consider judicial bias in the absence of a motion to disqualify the judge below. *See Christensen v. Ransom*, 123 Idaho 99, 104, 844 P.2d 1349, 1354 (Ct. App. 1992). Because Sanchez did not file a motion to disqualify the district judge below, we need not consider his argument of judicial bias on appeal. Even considering the argument, there is no support in the record for Sanchez's allegation of bias.

## III.

## CONCLUSION

The allegations in Sanchez's petition were either addressed or could have been raised in his direct appeal, were belied by the record, or failed to raise the possibility of a valid claim. Thus, the district court did not err by denying Sanchez's request for appointment of counsel or summarily dismissing Sanchez's petition. The district court did not erroneously dismiss Sanchez's petition on grounds different than those asserted by the state in its motion to dismiss.

8

There is no support in the record for Sanchez's allegation of judicial bias. Therefore, the district court's order summarily dismissing Sanchez's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**