IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44670

| | | |
|---|---|---|
| BRIAN KENNETH TAYLOR, | ) | |
| | ) | Filed: July 16, 2018 |
| Petitioner-Appellant, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. Jeff M. Brudie, District Judge.

Judgment and order dismissing petition for post-conviction relief, affirmed.

Brian Kenneth Taylor; Karnes City, Texas, pro se appellant

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Brian Kenneth Taylor appeals from the district court's judgment and summary dismissal of Taylor's petition for post-conviction relief.

I.

FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 2013, two officers from the Moscow Police Department went to Taylor's house to talk with him about allegations of sexual abuse of a child. Taylor denied the allegations and declined to speak with the officers. The officers obtained a search warrant and searched Taylor's house. While a host of sexually-explicit material was located, Taylor was not arrested and no charges were filed.

On June 10, 2013, the officers obtained another search warrant based on new information from the child victim. Taylor agreed to leave work to allow officers to enter his house without forced entry. Before arriving, Taylor picked up his five-year-old son from daycare. Four officers

1

conducted the search of Taylor's house. During the search, officers asked Taylor to stay in the living room while another officer took Taylor's son outside. A detective provided Taylor with *Miranda*[1] warnings prior to questioning. Thereafter, and while the home was being searched, the officer asked Taylor if he felt "comfortable talking with [the officer] for a minute?" Taylor replied, "Um, not really."

Taylor ultimately disclosed the location of a camera as well as memory cards. The officers took the memory cards to the police department for examination. Finding pictures of Taylor engaged in various sexual acts with children, the officers returned and arrested Taylor.

Taylor moved to suppress his statements made during the officers' execution of the second search warrant and evidence resulting from those statements. Taylor argued that the statements relative to the location of the camera and memory cards were coerced and involuntary. The district court denied Taylor's motion to suppress. Taylor then agreed to plead guilty conditioned on his ability to appeal the district court's denial of his motion to suppress. Pursuant to the agreement, Taylor pled guilty to four counts of sexual abuse of a child, four counts of lewd conduct with a minor child, and one count of sexual exploitation of a child. The district court imposed unified life sentences, with ten years determinate, for each charge of lewd conduct with a minor child to run concurrently; a consecutive five-year determinate sentence for sexual exploitation of a child; and ten-year determinate sentences for each charge of sexual abuse of a child to run concurrently with each other, but consecutively with the other charges. Ultimately, the sentence resulted in a cumulative unified life sentence, with twenty-five years determinate.

Taylor's judgment of conviction was affirmed on appeal. *State v. Taylor*, Docket No. 41888 (Ct. App. Mar. 9, 2015) (unpublished). Thereafter, Taylor timely filed a petition for post-conviction relief and also requested the appointment of counsel. Counsel was appointed. Counsel filed an amended petition for post-conviction relief, which expressly superseded the initial petition.

In the amended petition, Taylor made various claims of ineffective assistance of counsel. He made one claim of ineffective assistance of counsel against his trial counsel. Therein, Taylor asserted his trial counsel was ineffective when he failed to file a motion to suppress Taylor's statements during the second search of Taylor's home on the grounds that Taylor's response,

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

"Um, not really," was a clear and unequivocal assertion of his Fifth Amendment right to remain silent.

Taylor made three claims of ineffective assistance of counsel as it related to his appellate counsel. First, he claimed his appellate counsel was ineffective when appellate counsel failed to raise a claim on direct appeal that insufficient time had passed between Taylor's initial invocation of his Fifth Amendment right on May 21, 2013, and the time when the officers again questioned him on June 10, 2013. Second, Taylor argued that appellate counsel was ineffective for failing to argue that Taylor's statement, "Um, not really," was a clear invocation of his Fifth Amendment right to remain silent. Finally, he asserted that appellate counsel was ineffective for failing to file a petition for review with the Idaho Supreme Court.

The State filed a motion for summary dismissal, which the district court granted. The district court held that Taylor did not establish his trial counsel rendered deficient performance when he failed to argue in the motion to suppress that Taylor's statement, "Um, not really," was an assertion of Taylor's Fifth Amendment right because the statement was not a clear invocation of his Fifth Amendment right. As such, the district court found Taylor would not have prevailed on the motion even if his trial counsel had forwarded the argument, and thus, there was no genuine issue of material fact.

As to the claims of ineffective assistance of appellate counsel, the district court held generally that Taylor had not established that the claims he asserted should have been raised had more merit than the arguments actually raised. First, the district court held that the twenty days between Taylor's first invocation of his Fifth Amendment right and the next time officers interrogated him was a reasonable length of time. Thus, the claim would not have been successful on appeal. Second, the district court noted that because Taylor did not unequivocally invoke his Fifth Amendment right, there was no showing of deficient performance by appellate counsel to decline to raise that issue on appeal. Because Taylor had presented no evidence that the decision not to raise those issues was based on incompetence and because the claims were not more meritorious than those actually raised, the district court held that Taylor failed to raise a genuine issue of material fact regarding his claims of ineffective assistance of appellate counsel on these two claims.

Finally, on the third claim, the district court noted that Taylor did not have any constitutional right to a discretionary appeal, and therefore, he could not be deprived of effective

3

assistance of counsel for failing to pursue that discretionary appeal. Further, the district court determined that Taylor had not shown he was entitled to review by the Idaho Supreme Court, and therefore, Taylor could not show any prejudice. As a result, the district court concluded there were no genuine issues of material facts, granted the State's motion for summary dismissal, dismissed the petition, and entered a judgment.

Taylor timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125

4

Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

## III.

## ANALYSIS

**A.    The District Court Properly Dismissed Taylor's Petition for Post-Conviction Relief**

Taylor failed to establish a genuine issue of material fact regarding any of his claims. As such, the district court's summary dismissal of his petition was appropriate.

**1.    Trial Counsel Was Not Ineffective for Failing to Argue Taylor's Statement Was an Unequivocal Assertion of His Fifth Amendment Right**

After a suspect has been advised of the right to remain silent and of the right to counsel pursuant to *Miranda*, police may not proceed with questioning if the suspect indicates a desire to remain silent. *Miranda v. Arizona*, 384 U.S. 436 (1966). Moreover, an individual's right to cut

5

off questioning is grounded in the Fifth Amendment and must be "scrupulously honored." *Michigan v. Mosley*, 423 U.S. 96, 103 (1975). Police officers are only required to cease questioning if the invocation of *Miranda* rights is clear and unequivocal. *See Davis v. United States*, 512 U.S. 452, 459-60 (1994); *State v. Varie*, 135 Idaho 848, 853, 26 P.3d 31, 36 (2001).

The United States Supreme Court held that in order to effectively invoke the right to counsel, a suspect must "articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Davis*, 512 U.S. at 459. If the suspect's statement is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning him." *Id.* at 461-62. This clear articulation rule is also applicable to a defendant's assertion of his right to remain silent. *United States v. Johnson*, 56 F.3d 947, 955 (8th Cir. 1995); *Coleman v. Singletary*, 30 F.3d 1420, 1424 (11th Cir. 1994); *see also Arnold v. Runnels*, 421 F.3d 859, 865 (9th Cir. 2005); *State v. Law*, 136 Idaho 721, 724-25, 39 P.3d 661, 664-65 (Ct. App. 2002); *State v. Whipple*, 134 Idaho 498, 502-04, 5 P.3d 478, 482-84 (Ct. App. 2000). "Thus, a suspect's ambiguous or equivocal comment that does not plainly express a desire to remain silent or to terminate the interview will not obligate police to cease questioning." *Law*, 136 Idaho at 725, 39 P.3d at 665.

For example, in *Williams*, the suspect's angry statement during interrogation, "I don't have to take any more of your bull----," and his leaving the interview room was not a clear invocation of his right to remain silent. *State v. Williams*, 535 N.W.2d 277, 282-84 (Minn. 1995). In *Whipple*, the suspect's emotional ramblings and statements, "NO MORE, NO MORE," during an interrogation did not clearly invoke his Fifth Amendment right to remain silent. *Whipple*, 134 Idaho at 503-04, 5 P.3d at 483-84. The Idaho Supreme Court determined that a suspect's statement, "I don't think I should answer that," was not a clear and unequivocal assertion of the Fifth Amendment protections. *State v. Payne*, 146 Idaho 548, 559, 199 P.3d 123, 134 (2008).

In this case, the officer asked Taylor if he would be comfortable talking to the officer. Taylor responded, "Um, not really." Taylor has not shown an unequivocal assertion of his Fifth Amendment right. First, the officer was asking if Taylor was *comfortable* talking to the officer. Taylor's response, even if he had clearly said he was uncomfortable, does not mean Taylor was clearly asserting his Fifth Amendment privilege to remain silent, only that the conversation

would be uncomfortable. Taylor's argument that his later "statements both to law enforcement and to his son expressed a clear unwillingness to discuss the matter" misses the mark. Whether Taylor's later statements expressed an "unwillingness" to talk to the officers is a different question than whether his assertion of his Fifth Amendment right was objectively unequivocal. Taylor's statement was not clear and unequivocal. "Um, Not really," is not substantively different than the hostile statements or the equivocal statements noted above, nor is it as clear as the "No" Taylor responded with during the May 21 interrogation when he declined to talk to the officers.

Taylor argues his later responses, in the totality of the circumstances, show he was trying to invoke his Fifth Amendment right, and the officer understood that. In support of this claim, Taylor points to another place in the transcript as follows:

> Officer: Do you want to step outside or anything?
> Taylor: No.
> Officer: Not really?
> . . . .
> Taylor: Not really, I mean, you know.
> Officer: Okay. I understand that.

First, in this exchange, Taylor answered, "No," which is different than, "Um, not really." And even if Taylor is arguing his attorney should have argued, based on the context or totality of the circumstances that the officer knew Taylor was uncomfortable talking about the events, Taylor still cannot show his attorney rendered deficient performance or prejudice. The officer had no obligation to clarify Taylor's intent following his equivocal statement. *Davis*, 512 U.S. at 452. Thus, just because later in the conversation Taylor indicated he did not want to go outside does not mean his earlier statement was a clear assertion of his Fifth Amendment right.

Taylor did not unequivocally assert his Fifth Amendment right, and therefore, he cannot show his attorney rendered deficient performance in failing to argue this basis as a motion to suppress, nor can he show prejudice because there is no showing the motion likely would have been successful. The district court correctly determined Taylor failed to establish a genuine issue of material fact on this claim.

**2.      Appellate Counsel Was Not Ineffective for Failing to Raise Specific Arguments on Appeal**

An indigent defendant does not have a constitutional right to compel appointed appellate counsel to press all nonfrivolous arguments that the defendant wishes to pursue. *Jones v.*

*Barnes*, 463 U.S. 745, 751 (1983). Thus, in order to prevail on a claim of ineffective assistance of counsel, Taylor has to show that the issues that were not raised in the direct appeal had more merit than the issues that were raised in the direct appeal. *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (2007).

Because Taylor cannot establish that his statement, "Um, not really," was an unequivocal assertion of his Fifth Amendment right, he cannot establish appellate counsel rendered deficient performance for failing to raise the issue on appeal. Consequently, Taylor has not established that issue had more merit than the issues raised, and thus, he has failed to establish a genuine issue of material fact. As such, the district court correctly granted summary dismissal of this claim.

In deciding whether appellate counsel should have addressed whether twenty days was a significant enough period of time between the two interrogations, the district court addressed relevant case law and concluded twenty days was a sufficient period between Taylor's invocation of his Fifth Amendment right and the second interrogation. We agree.

When an individual invokes his right to remain silent, the individual's right to cut off questioning must be "scrupulously honored." *Mosley*, 423 U.S. at 104. Questioning may be resumed only after a significant period of time has passed. *Id*. at 106-07. This Court applied this standard in *State v. Blevins*, 108 Idaho 239, 697 P.2d 1253 (Ct. App. 1985). There, the Court determined that a period of one day was "substantial," and therefore, the statements made on the second day would not be suppressed. *Id*. at 1257, 697 P.2d at 243.

Given this Court's holding in *Blevins*, the district court correctly concluded that twenty days is a substantial period of time such that any statements made by Taylor during the second interview would be admissible. Consequently, because this argument would not have been more meritorious than the claims actually raised, Taylor has failed to establish a genuine issue of material fact regarding deficient performance of appellate counsel on this claim.

### 3. Appellate Counsel Was Not Ineffective for Failing to File a Petition for Review

Taylor's final claim is his appellate counsel was deficient for failing to file a petition for review from the Court of Appeals' decision that affirmed his judgment of conviction and the denial of his motion to suppress. Taylor argues that the failure to file the petition for review precludes federal review because he has not exhausted all state remedies. The district court

8

dismissed the claim on the grounds that Taylor had not provided any evidence that he was entitled to this review, i.e., that the Supreme Court would have granted the petition for review.

Whether to grant a petition for review of a Court of Appeals' decision is discretionary with the Idaho Supreme Court. I.A.R. 118(b). There is no constitutional right to counsel to seek such discretionary review of an appellate decision. *Ross v. Mofitt*, 417 U.S. 600, 617-18 (1974); *Jakoski v. State*, 136 Idaho 280, 286, 32 P.3d 672, 678 (Ct. App. 2001); *Hernandez v. State*, 127 Idaho 690, 691-92, 905 P.2d 91, 92-93 (Ct. App. 1995). Although there is a statutory right in Idaho to effective assistance of counsel at all appellate levels, neither this Court nor a trial court can "vacate its previously issued opinion and allow [a post-conviction petitioner] to reinstate his appeal" as a remedy for a failure of appellate counsel to file a petition for review of an Idaho Court of Appeals' decision. *Hernandez*, 127 Idaho at 692, 905 P.2d at 93; *see also Jakoski*, 136 Idaho at 286, 32 P.3d at 678. In *Hernandez*, we stated:

> Idaho Appellate Rule 118 provides that a petition for review must be filed within twenty-one days of the Court of Appeals' opinion. . . . For [the post-conviction petitioner] to be granted leave to file a late petition would necessitate not that his conviction be reentered, but that the Supreme Court waive the time limit for filing the petition. Neither the district court nor this Court is empowered to disturb our previous opinion on appeal which was made final by the issuance of a remittitur. The relief requested . . . can only be accorded by the Supreme Court and, in spite of the assignment of this appeal to the Court of Appeals, this Court cannot waive the time constraints of I.A.R. 118 on behalf of the Supreme Court.

*Hernandez*, 127 Idaho at 692, 905 P.2d at 93.

Like the petitioner in *Hernandez*, Taylor attempts to bring an ineffective assistance of counsel claim for failure to file a discretionary appeal from this Court to the Supreme Court. However, Idaho Appellate Rule 118(a) provides that a petition for review must be filed within twenty-one days of the Court of Appeals' opinion. To date, Taylor has not filed a petition for review. For Taylor to be granted leave to file a late petition would necessitate not that his conviction be reentered, but that the Supreme Court waive the time limit for filing the petition. As we stated in *Hernandez* and *Jakoski*, the relief Taylor seeks was not within the district court's, nor within this Court's, power to grant as it is not available through a post-conviction proceeding. Therefore, the district court correctly determined Taylor had not established a genuine issue of material fact.

9

## IV.

## CONCLUSION

Because Taylor did not establish genuine issues of material fact for his claims, the district court did not err in summarily dismissing Taylor's petition for post-conviction relief. Accordingly, the district court's judgment and order summarily dismissing Taylor's petition for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.